OPINION
Defendant William C. Higdon appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, convicting and sentencing him for one count of felony possession of drugs in violation of R.C. 2925.11(A). Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
 APPELLANT'S CONVICTION FOR POSSESSION OF MARIJUANA, THE AMOUNT BEING MORE THAN 200 GRAMS BUT LESS THAN 1000 GRAMS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THEREBY VIOLATED THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE DUE PROCESS CLAUSE OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
The record indicates appellant was arrested on State Route 83 as he traveled with two companions in his Chevrolet S-10 pickup. The Holmes County Sheriff's deputy executed a traffic stop of appellant's truck after he observed erratic driving. Appellant consented to the deputy's search of the truck, and even told the deputy there was a large amount of marijuana in the vehicle, belonging to one of his passengers. In a subsequent interview at the Sheriff's Department, appellant denied ownership of the marijuana, and indicated he first became aware his passenger was carrying two pounds of marijuana at some time during the trip.
At trial, the third passenger testified neither he nor appellant exercised any control over the marijuana.
Appellant argues his conviction was against the manifest weight of the evidence, because the State did not prove beyond a reasonable doubt all the elements of the crime charged. Appellant urges no marijuana was found on his person, and thus, the State had to prove he had constructive possession of the drugs found in the truck.
R.C. 2925.01(K) defines the term "possession" as having control of a thing or substance, but it may not be inferred solely from mere access through ownership or occupation of the premises on which the substance was found. The State presented evidence at trial appellant owned the truck and was aware of the marijuana in the vehicle. Appellant admitted he shared a single marijuana joint with the other passengers. Appellant urges this evidence in and of itself was insufficient to demonstrate dominion and control over the marijuana.
The State responds the arresting officer testified appellant consented to the search and informed the officer there was large quantity of marijuana which belonged to his passenger. The officer testified appellant knew there was approximately two pounds of marijuana, and knew exactly where it was in the truck. Another officer testified appellant first indicated he knew of the marijuana from the very beginning of the trip but later changed his statement to say he had only become aware of the marijuana a few moments before he was pulled over by the deputy sheriff.
The State also points out appellant was also charged with driving under the influence, but was acquitted of that charge by the jury, which the State characterizes as further evidence the jury was careful and appropriate in its deliberations.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. However, even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, which concerns the amount of credible evidence offered in a trial in support of one of the issues, Thompkins at 387, citations deleted.
We have reviewed the record, and we find although the evidence was somewhat in dispute as to when appellant became aware of the presence of the marijuana, nevertheless we find there was sufficient, competent and credible evidence presented from which the jury could conclude appellant was guilty of possession of marijuana as charged.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.